UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Claudine Brown,<br>　　　　　　　　　　　　Plaintiff,<br><br>-v-<br><br>Memorial Sloan-Kettering Cancer Center,<br>　　　　　　　　　　　　Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

　　　　Plaintiff Claudine Brown ("Plaintiff" or "Brown"), by Abdul Hassan Law Group, PLLC, her attorney, complaining of Defendant Memorial Sloan-Kettering Cancer Center ("Defendant"), respectfully alleges as follows:

## **NATURE OF THE ACTION**

1. Plaintiff alleges, that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for each and all such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover her unpaid wages, unpaid wage deductions, severance pay, under Article 6 of the New York Labor Law including Section 191, 193, 198, and 198-c and maximum compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. At all times relevant herein, Plaintiff Claudine Brown ("Plaintiff" or "Brown") was an adult, over eighteen years old, who resides in Bronx County in the State of New York.

8. At all times relevant herein, Defendant Memorial Sloan-Kettering Cancer Center ("MSKCC") was a New York corporation.

9. At all times relevant herein, Defendant controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

10. Upon information and belief and at all times relevant herein, Defendant MSKCC owned/operated a place of business in New York County, New York at 1275 York Avenue, New York, NY, 10065, where Plaintiff was employed.

11. At all times relevant herein, Plaintiff was employed by Defendant.

## **STATEMENT OF FACTS**

12. Upon information and belief, and at all relevant times herein, Defendant was in health and research business.

13. Upon information and belief, and at all relevant times herein, Defendant owned one or more locations and employed over 100 employees.

14. Plaintiff was employed by Defendant from on or about January 14, 2008 to on or about March 3, 2021.

15. At all times relevant herein, Defendant employed Plaintiff as a manual worker performing a variety of cleaning and housekeeping duties, throughout her workday with Defendant.

16. At all times relevant herein, Plaintiff was an hourly employee of Defendant and her last regular hourly rate of pay was about $23.09 an hour.

17. At all times relevant herein, Plaintiff worked 47.5 or more hours a week; 5 days a week and was not paid for each and all hours worked in a week including her overtime hours (hours over 40 hours in a week) - with the exception of about 5 weeks each year.

18. Although Plaintiff was paid for some overtime hours, Defendant had a policy and practice of improperly deducting about 30 minutes or more each day from Plaintiff's work time. However, due to the demands of her job, Plaintiff did not receive a "bona fide" meal break within the meaning of the FLSA and NYLL. 29 C.F.R. § 785.18; 29 C.F.R. § 785.19. As a result, Plaintiff is owed overtime wages for about 2.5 overtime hours worked each week during her employment with Defendant - with the exception of about 5 weeks each year, which she seeks to recover with this action and for which she was not paid any wages.

19. In addition to the unpaid wages set forth in paragraph 18, Plaintiff worked about an additional hour each day beyond her scheduled start and end time doing work related duties for Defendant or about 5 hours each week, but Plaintiff was not paid any wages for these 5 overtime hours each week.

20. A more precise statement of the hours and wages may be made when Plaintiff obtains the

wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC § 211, 29 CFR § 516 and NYLL § 195, 12 NYCRR §142, are incorporated herein by reference.

21. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of at least 1.5 times her regular rate of pay for each and all hours worked in excess of forty hours each week during her employment with Defendant.

22. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL § 195(1). See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

23. At all times relevant herein, Defendant did not provide Plaintiff with the statement(s) required by NYLL § 195(3) – the wage statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all wages earned among other deficiencies. See i.e. *Alonso Vazquez v. Azoulay*, 834 F. App'x 653, 654 (2d Cir. 2021).

24. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

25. Upon information and belief and at all times relevant herein, Defendant conducted business with vendors/entities/persons within the State of New York.

26. Upon information and belief, and at all times relevant herein, Defendant and Plaintiff utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail, messaging, payroll application, timekeeping, websites and telephone/cellphone systems as a regular/daily part of the operation of Defendant and Plaintiff's employment with Defendant.

27. Upon information and belief and at all times relevant herein, Defendant utilized the goods, materials, and services through interstate commerce.

28. Defendant as a regular part of its business, make payment of taxes and other monies to

agencies and entities outside the State of New York.

29. Upon information and belief, and at all relevant times herein, Defendant conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

30. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

31. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL (29 CFR 516.4; 12 NYCRR 142-2.8), and Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

32. The circumstances of Defendant's termination of Plaintiff's employment and other aspects and conditions of Plaintiff's employment are under review and investigation and Plaintiff may assert wrongful termination and other claims at a later time.

33. "Plaintiff" as used in this complaint refers to the named Plaintiff.

34. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime wages)

35. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 34 above as if set forth fully and at length herein.

36. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA.

5

37. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206, 207.

38. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

39. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

### Relief Demanded

40. Due to Defendant's FLSA overtime wage violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime wage compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. & 12 NYCRR § 142-2.2 (Overtime Wages)

41. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

42. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder.

43. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

### Relief Demanded

44. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime wage compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y.

Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

45. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 44 above with the same force and effect as if fully set forth at length herein.

46. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195, 198 and 198-c, and the applicable regulations thereunder.

47. At all relevant times herein, Defendant violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all her wages, including her unpaid overtime wages, wage deductions, as required under NY Labor Law § 190 et seq.

48. At all times relevant herein and upon information and belief, Plaintiff was entitled to severance/separation pay from Defendant pursuant to the terms and conditions of her employment with Defendant including Defendant's severance/separation plan/policy. Plaintiff also seeks recovery of these severance/separation benefits in this action of about more than $20,000.

49. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

50. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

**Relief Demanded**

51. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her unpaid overtime wages, wage deductions, severance pay, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

52. Declare Defendant to be in violation of the Plaintiff's rights under the FLSA and New York Labor Law – 12 NYCRR § 142 and Article 6 of the NYLL – NYLL § 190 et Seq.

53. As to her **First Cause of Action**, award Plaintiff her unpaid overtime wage compensation, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

54. As to her **Second Cause of Action**, award Plaintiff her unpaid overtime wage compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

55. As to her **Third Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid wages, including her unpaid overtime wages, wage deductions, severance pay, due under law, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

56. Award Plaintiff prejudgment interest on all monies due.

57. Award Plaintiff any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the

wherefore clause;

58. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
November 30, 2022**

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: 718-740-1000
Fax: 718-740-2000
Email: abdul@abdulhassan.com