USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Claudine Brown,

                          Plaintiff,

-against-

Memorial Sloan-Kettering Cancer Center,

                          Defendant.

1:22-cv-10144 (SDA)

ORDER

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

       This case contains claims under the Fair Labor Standards Act. On September 4, 2023, the parties advised the Court that a settlement in principle has been reached on all issues. (Pl.'s 9/4/23 Ltr., ECF No. 25.) On September 6, 2023, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 9/6/2023 Order, ECF No. 26.) On October 6, 2023, an Order was issued on the parties' consent referring disposition of this matter to the undersigned pursuant to 28 U.S.C. § 636(c). (Consent, ECF No. 29.)

       On October 19, 2023, the parties submitted their proposed settlement agreement and related papers. (Settlement Agmt., ECF No. 31-1.) Having reviewed the proposed settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiff's individual claims as well as the risks and expenses involved in additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012).

       The Court notes that the settlement agreement contains a mutual general release, which generally is disfavored. *See, e.g., Basurto, v. Original Ray's Inc. et al.*, No. 19-CV-09748 (VEC),

2020 WL 6151267, at *1 (S.D.N.Y. Oct. 20, 2020). In the present case, the Court finds that mutual general releases are acceptable because Plaintiff no longer works for Defendant (*see* Compl., ECF No. 1, ¶ 14; Answer, ECF No. 12, ¶ 14) and Plaintiff was represented by experienced counsel. *See Khan v. Young Adult Inst., Inc.*, No. 18-CV-02824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) ("General releases are permissible in FLSA settlements where plaintiff is no longer employed by defendants, the releases were negotiated by competent counsel for both sides and the releases are mutual."); *see also Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-CV-05008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) ("[T]here is nothing inherently unfair about a release of claims in an FLSA settlement.").

In addition, Plaintiff seeks approval of $17,339 in attorney's fees, which is one-third of the total settlement amount, and an additional $482 in costs. (*See* Pl.'s 10/19/23 Ltr., ECF No. 31, at 3; *see also* Settlement Agmt. ¶ 1.) Courts in this Circuit typically approve attorney's fees in the amount of one-third of the total recovery. *See, e.g., Ramos v. DNC Food Serv. Corp.*, No. 19-CV-02967 (VSB), 2022 WL 576300, at *2 (S.D.N.Y. Feb. 25, 2022) (citing cases). In line with that precedent, the Court finds that the requested attorney's fees are fair and reasonable. In reaching this conclusion, the Court makes no findings with respect to the reasonableness of counsel's hourly rates.

For these reasons, the Court approves the settlement. This action is dismissed with prejudice and without costs except as may be stated in the settlement agreement. The Court will retain jurisdiction to enforce the settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated: New York, New York
October 20, 2023

_____
STEWART D. AARON
United States Magistrate Judge